UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH D. PARKER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:11-CV-805-TIA |
| | ) |
| RICHARD E. SCOTT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Kenneth D. Parker's motion for leave to proceed in forma pauperis [Doc. #2]. For the reasons stated below, the Court finds that plaintiff Parker does not have sufficient funds to pay the entire filing fee and will assess him an initial partial filing fee of $23.53. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff Kenneth Parker has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $117.67, and an average monthly balance of $6.36. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $23.53, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**Background**

This action was filed jointly by one prisoner, Kenneth D. Parker, and two non-prisoners, Richard E. Scott and Walter H. Hopson.[1] Plaintiffs are seeking monetary relief for violations of their Constitutional rights, pursuant to 42 U.S.C. § 1983. Plaintiffs request class action status on behalf of themselves and all others similarly situated. The named defendants are State of Missouri, County of St. Louis, Governor Jeremiah W. Nixon, Chris Koster (Attorney General), J. Marty Robinson (Chief Deputy Public Defender), Karen Kraft (Deputy Director Public Defender), Laura O'Sullivan (Deputy Director Public Defender), and Ellen Blau (Deputy Director Public Defender).

Plaintiffs allege that they have been denied "effective, competent & diligent representation by counsel" through the St. Louis County Public Defenders Office. Specifically, plaintiffs claim (1) they "are given ultimatums to take deals or be given a more severe punishment even before [they] have full disclosure in their criminal cases"; (2) defendant public defenders are assigned cases that exceed "the State's assessment of a manageable case load," and therefore, are rendering ineffective assistance of counsel, because they are not able to give "adequate attention" to each

---

[1]Although it appears that Walter H. Hopson is presently confined at the St. Louis County Justice Center, he was not incarcerated at the time he filed the complaint.

case; (3) plaintiffs are not given "the abilities to communicate with their counsel in order to prepare for an effective defense"; and (4) defendant public defenders are "forced into legal malpractice."

### A. Class certification

Plaintiffs seek class certification pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

"To certify a class, a district court must find that each requirement of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation) is satisfied as well as one subsection of Rule 23(b). 'Failure to meet any of the rule's requirements precludes class certification.'" Harper v. Sheriff of Cook Co., 581 F.3d 511, 513 (7th Cir. 2009) (quoting Arreola v. Godinez, 546 F.3d 788, 794 (7th Cir. 2008)). Having carefully reviewed the complaint, the Court concludes that plaintiffs have failed to satisfy any of the conditions enumerated in Rule 23, and thus, this action is not an appropriate case for class disposition. In particular, the Court notes that this case does not present questions of law or fact common to a certifiable class, and plaintiffs cannot fairly and adequately protect the interests of a certifiable class. See also 28 U.S.C. §

1654; 7A Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 1769.1 (class representatives cannot appear pro se).

B. **The merits**

Plaintiffs are bringing this action against the six individual defendants in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. Furthermore, to state a claim against a municipality, such as St. Louis County, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The complaint does not contain any non-conclusory allegations that a policy or custom of St. Louis County was responsible for the alleged violations of plaintiffs' constitutional rights. The Court further notes that the State of Missouri is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58,

63 (1989). For these reasons, the complaint is legally frivolous as to all defendants and fails to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court notes that public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). In addition, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiffs do not set forth any facts indicating that defendants were directly involved in or personally responsible for the violation of their constitutional rights. Moreover, their conclusory allegations are almost exclusively asserted against all the named defendants, as a group, even though some of the claims could not possible be applicable to all defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' request for class certification is **DENIED**.

**IT IS FURTHER ORDERED** plaintiff Kenneth D. Parker's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff Kenneth D. Parker shall pay an initial filing fee of $23.53 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue in this action, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of August, 2011.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE